Daniel, J.
 

 We are of the opinion, that the judgment sustaining the demurrer was correct. The statute of set off
 
 [Rev. St.
 
 c. 31,
 
 s.
 
 80,) has in it these words, liif either party sue or be sued as executor or administrator, where there are mutual debts subsisting between the testator or intestate and either party, one debt may be set against the other, notwithstanding such debt shall or may bo deemed in law to be of a different nature.” The plaintiff, as administrator, cannot be
 
 *400
 
 injured by the set off being allowed, because he is chargeable only for the balance received after the set off is allowed.
 
 Glioses in action,
 
 and debts of all descriptions, due to the tes- or intestate, are assets, yet the administrator is not to be charged with them, till he has received the money. Williams on Ex’ors.' 1023. An outstanding debt due to a decedent, is not assets in the hands of his executor or administrator, where there has not been gross negligence, or collusive, fraudulent and unreasonable delay in collecting it.
 
 Ruggles
 
 v.
 
 Sherman,
 
 14
 
 John's Rep.
 
 446. The case of
 
 Shipman
 
 v. Thompson,
 
 Wittes' Rep.
 
 103, is not like this case ; there the defendant,
 
 after
 
 the death of his testator, received money due to the testator in his lifetime, and the executor sued in his own name to recover it, and the
 
 Court
 
 held, that the defendant could not to this demand set off a
 
 debt
 
 due to him by the testator. If the creditor of a testator could seize the assets after the death of the testator, and then, when sued by the executor to regain those assets, be allowed to set off his debt, it would derange all the rules of priority in the legal administration of assets. In the case cited, there lacked,
 
 at the death
 
 of the testator, that mutuality of debt,, which the statute permits to be set off. The same law is laid down in
 
 Houston
 
 v.
 
 Robertson,
 
 6
 
 Taunt. Rep.
 
 448; the executor of an underwriter brought an action against a broker, for premiums due on policies subscribed by the testator, and the defendant was not permitted to set off returns of premium,which became due after the testator’s death. The legislature has expressly declared, that mutual debts subsisting
 
 at
 
 the death of a testator or intestate, between him and another party, shall be set off, notwithstanding the debts may in law be deemed of different natures. The judgment must be affirmed.
 

 Prr Curiam, Judgment below affirmed.